IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as Personal Representative
of the Estate of GRACIELA CANO a/k/a
GRACE LEE BOGEY, Deceased, and
LORENA TORREZ,

    Plaintiffs,

vs.                                                                                                           No. CIV-02-1239
                                                                                                              JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT, KAREN ZARATE,
LYDIA R. SAENZ, SONIA PEREZ, VIRGINIA VILLAREAL,
VIVIAN ENCINIAS, GINGER BOWMAN, DENISE H. NARVAEZ,
JANE DOE, AND JOHN DOE in their individual capacities, the
NEW MEXICO CHILDREN, YOUTH and FAMILIES
DEPARTMENT, TERRY BOGEY, a/k/a TERI BOGEY, and
VERONICA BOGEY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on CYFD Defendants Holmes, Perez, Bowman and Narvaez' Motion to Extend Time to Reply to Plaintiffs' Response to Motions for Summary Judgment to October 10, 2003, filed September 29, 2003 (Doc. 115). The issue is whether the Court should deem the Defendants' replies, all of which have been filed, to have been timely filed. Because the Court does not see that allowing the Defendants to file these replies causes any party prejudice, the Court will grant the motion and consider the Defendants' replies timely.

## BACKGROUND

Defendants Anne Holmes, Ginger Bowman, and Denise H. Narvaez filed Motions for Summary Judgment on March 21, 2003. Defendant Sonia Perez filed a Motion for Summary Judgment on March 24, 2003. See Defendants Saenz, Vehstedt, Zarate and Villareal's Motion for

Summary Judgment and Qualified Immunity on Count VII (Adoption Assistance and Child Welfare Act Claim) and Memorandum in Support Thereof, filed March 24, 2003 (Doc. 54). Hence, it is important to realize that the moving Defendants' summary judgment motions have been pending since March, 2003.

Because of pending discovery, the parties agreed to allow the Plaintiffs approximately five months, until August 15, 2003, to file their Responses to the Motions for Summary Judgment. On August 15, 2003, the Plaintiffs filed and served four separate Responses to the moving Defendants' Motions for Summary Judgment. <u>See</u>, <u>e.g.</u>, Plaintiff's Response in Opposition to Defendant Sonia Perez Sanchez' Motion for Summary Judgment and Qualified Immunity Dismissing Count I, filed August 15, 2003 (Doc. 93). Those Responses constituted, in the aggregate, approximately 102 pages of legal arguments and authorities, and attached 192 pages of exhibits. All four Responses cross-reference arguments and documents set forth in other Responses. The parties stipulated that the Plaintiffs could have extended page limits for their Responses.

Because the Plaintiffs filed all four Responses at the same time, the moving Defendants' counsel had an obligation, without some extension, to complete four Replies by the same time deadline. Counsel for the moving Defendants is located in Santa Fe, New Mexico. The moving Defendants are located in Las Cruces, Alamogordo, and Roswell, New Mexico.

The counsel for the moving Defendants states that, because of busy schedules of counsel and clients, and the distances involved, it is very difficult and time consuming for the parties to discuss the legal and factual issues presented, to draft the appropriate affidavits, and to provide the appropriate documents necessary to properly frame their Replies. The Plaintiffs used the affidavit of an expert witness in their Responses. The Plaintiffs' expert stated that he had not completed his

research and preparation. The moving Defendants thought it necessary to seek and obtain affidavit testimony from an expert to rebut the Plaintiffs' expert's opinions and conclusions. Before the Plaintiffs filed their Responses, no party to this motion had identified experts. The Defendants had not engaged any experts. The moving Defendants contend that additional time is necessary for their expert(s) to formulate and express expert opinion(s). The moving Defendants represent that they attempted to obtain expert testimony to rebut the affidavit of the Plaintiffs' expert, but could not do so within the original time allotted. The moving Defendants obtained the final affidavit of their expert on October 6, 2003.

The moving Defendants argue that, because this case involves thousands of documents, this process has involved a substantial amount of time. They contend that, because of the page limitation on replies that the local rules impose, and because of the cross-reference of arguments and exhibits that the Plaintiffs' four separate responses pose, it was difficult to prepare cogent, responsive replies.

Moving Defendants' counsel has represented that his secretary is out of the office and will not return until October 6, 2003. He states that he has obtained temporary substitute secretarial assistance on a part-time basis, but believes that the temporary replacement secretary will be unable to transcribe the appropriate briefs and appropriate documents. The moving Defendants state that additional time is necessary to properly frame their Replies.

The moving Defendants filed their first motion for an extension of time to file replies in support of their summary judgment motions on August 28, 2003, by which they sought an extension of the deadline from September 1, 2003 to September 30, 2003. See CYFD Defendants Holmes, Perez, Bowman and Narvaez' Motion to Extend Time to Reply to Plaintiffs' Response to Motions for Summary Judgment, filed August 28, 2003 (Doc. 101). The Plaintiffs initially opposed the

motion, but later acceded to it. The moving Defendants did not, after they filed their first motion, file an amended motion indicating that the Plaintiffs approved their requested extension until September 30, 2003.

Defendant Virginia Villareal filed a separate unopposed motion to extend the deadline to file a reply in support of her summary judgment motion on August 29, 2003. <u>See</u> Motion for Extension of Time to File Reply Brief, filed August 29, 2003 (Doc. 103). The Court granted Villareal's motion. <u>See</u> Order Granting Extension of Time to File Reply Brief, filed September 4, 2003 (Doc. 110).

On September 3, 2003, Holmes, Perez, Bowman, and Narvaez moved this Court to extend the time for them to file their Replies to the Plaintiff's Responses to Movant Defendants' Motion for Summary Judgment until October 10, 2003. By this motion, the moving Defendants seek another 10 days to file these Replies. The moving Defendants sought all parties' concurrence in this motion. The counsel for the other Defendants agreed to the requested extension. The Plaintiffs' counsel does not concur with this Motion. The Plaintiffs oppose any extension of time to file Replies beyond September 30, 2003.

The moving Defendants have all filed their Replies within the requested time period. The moving Defendants have also filed Notices of Completion with the Court Clerk. The Court has set a hearing on all pending motions for November 7, 2003.

## **ANALYSIS**

Rule 6 of the Federal Rules of Civil Procedure provides in part:

When by these rules or by a notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the period originally prescribed or as extended by a previous order.

Fed. R. Civ. P. 6(b)(emphasis added). "'[G]ood cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." Pontiac Elec. Power Co. v. Electric Motor Supply, Inc., 190 F.R.D. 372, 375 (D. Md. 1999). See George v. HEK America, Inc., 157 F.R.D. 489, 492 (D. Colo. 1994)(equating "excusable neglect" with "good cause"). In determining whether a party's neglect is "excusable," courts consider several factors, including the danger of prejudice to the non-movant, the length of delay, its potential impact on judicial proceedings, and the reason for the delay. Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996). Courts should only enlarge deadlines when "injustice would otherwise result." Id. at 534.

The Plaintiffs contend the moving Defendants have had ample time to gather and review materials and prepare their Replies. The moving Defendants had approximately 45 days from the date that the Plaintiffs served their summary judgment responses to prepare their replies. The Plaintiffs contend that, by way of comparison, they had only 30 days to file response, together with substantial supporting materials, to all of the Defendants' summary judgment motions from the date that the Plaintiffs received the last transcript of the depositions pertaining to the motions. See Order, filed April 21, 2003 (Doc. 73).

The Plaintiffs argue that the moving Defendants knew the grounds which they cite in support of their request for a second extension when they sought their original extension. For example, the moving Defendants were aware that the Plaintiffs' briefs and exhibits are voluminous, that the individual moving Defendants resided at locations throughout the State, and that they needed time to locate an expert witness to support their summary judgment motions. Further, the moving Defendants' counsel most likely anticipated that his secretary would be "out of the office . . . until October 6, 2003." The Plaintiffs state that it is difficult to imagine that the moving Defendants need

ten additional days to prepare their Replies because of the absence of their counsel's secretary.

The Plaintiffs also point to Villareal's counsel, who has not sought an additional extension of time, even though he faces largely the same task in preparing his client's reply brief as the moving Defendants' counsel faces in preparing the moving Defendants' Replies. In fact, Villareal's counsel was out of the state for a good part of September, yet did not seek an additional extension of time. See Motion for Extension to File Reply Brief, filed August 29, 2003 (Doc. 103).

The Plaintiffs state that they do not oppose the moving Defendants' request to be obstreperous. The Plaintiffs argue that the Plaintiffs will suffer undue hardship and unfair prejudice if the Court grants the moving Defendants' second request for an extension of time. The Court has set all of the pending motions, a total of twelve motions, for hearing on November 7, 2003. See Notice, filed September 23, 2003 (Doc. 114). By that date, the Plaintiffs' counsel must review all the CYFD Defendants' summary judgment replies, seek leave to file surreplies as necessary, prepare and file the surreplies, and prepare for the hearing on November 7, 2003. The Plaintiffs contend that they need to file surreplies because the moving Defendants have stated their intention to attach additional factual materials to their Replies in support of summary judgment. See CYFD Defendants Holmes, Perez, Bowman and Narvaez' Motion to Extend Time to Reply to Plaintiffs' Response to Motions for Summary Judgment to October 10, 2003 ¶¶ 4, 5, at 2. The Plaintiffs argue that they have not had an opportunity to review or to address these new materials in their responses.

The Plaintiffs point out that four law firms collectively represent the Defendants. The Plaintiffs reasonably expect that the Defendants' attorneys will divide the preparation for the November hearing. In contrast, only one law firm represents the Plaintiffs, and the burden to prepare for the hearing is substantially greater than that of any of the Defendants' attorneys alone. The

Plaintiffs contend that the moving Defendants' request to extend the deadline another 10 days will improperly infringe on the Plaintiffs' counsel's ability to fulfill the tasks set forth above. The Plaintiffs' counsel contend that the moving Defendants have created a particular problem for the Plaintiffs given that the Plaintiffs' counsel must also prepare for four civil jury trials at the end of October and the beginning of November.

The Plaintiffs contrast their situation with that of the moving Defendants, who will not suffer extraordinary prejudice if the Court forces them to file their Replies in support of their motion for summary judgment motions in a timely fashion. The Plaintiffs contend that the most impressive reply cannot erase the factual disputes that the Plaintiffs have demonstrated in their responses to the motions for summary judgment. The Plaintiffs point out that the Defendants have already briefed the Court regarding the applicable law in light of their factual allegations as set forth in their summary judgment briefs.

The Plaintiffs argue that the moving Defendants' request falls far short of justifying that they be allowed more time to file their Replies. It is probably true that the moving Defendants have had sufficient time to prepare and to file their Replies in support of their summary judgment. However, even though the Plaintiffs had approximately five months to file their Responses and to obtain their expert's affidavit, the expert acknowledged he had not completed his research. The Court is convinced that the additional time that the moving Defendants request was necessary for them to obtain their expert's affidavit and to properly frame arguments to the Plaintiffs' Responses.

The Court is not convinced that another extension of the deadline for the moving Defendants will unnecessarily delay the proceedings or cause the Plaintiffs to suffer undue hardship and unfair prejudice in the preparation and presentation of their arguments to the Court regarding the pending

dispositive motions. The moving Defendants have demonstrated good cause for their failure to file their Replies by September 30, 2002, and good cause justifying a second request for an extension of their deadline for filing their Replies. The Court will therefore grant the moving Defendants' requested extension of time to file their Replies.

This additional extension of time that the moving Defendants request will not unfairly prejudice any party or unduly burden the Plaintiffs. The Court has set a hearing on all pending motions for November 7, 2003. The delay entailed by the extension will still afford the Court and all the parties an adequate time to prepare for the hearing. The Plaintiffs have not adequately shown that the requested extension will cause them prejudice. If the hearing needs to be vacated to avoid prejudice, the Court can move the hearing date.

**IT IS ORDERED** that CFYD Defendants Holmes, Perez, Bowman, and Narvaez' Motion to Extend Time to Reply to Plaintiffs' Response to Motions for Summary Judgment is granted and the moving Defendants shall have until to October 10, 2003 to file their Replies.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

> *Attorneys for the Plaintiffs*

Tim Flynn-O'Brien
Bryan & Flynn-O'Brien
Albuquerque, New Mexico

-8-

>*Attorney for Defendants Bonnie Vehstedt, Lydia R. Saenz,*
>*Karen Zarate, and Virginia Villareal*

Randolph B. Felker
Felker, Ish, Ritchie, & Geer, P.A.
Santa Fe, New Mexico

>*Attorneys for Defendants Anne Holmes, Sonia (Sanchez) Perez,*
>*Ginger Bowman, Denise H. Narvaez, Vivian Encinias,*

Jerry A. Walz
Walz and Associates
Cedar Crest, New Mexico

>*Attorneys for Defendants Veronica Bogey and Terry Bogey*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

>*Attorneys for Defendant Children, Youth, and Families Department*