IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as Personal Representative
of the Estate of GRACIELA CANO a/k/a
GRACE LEE BOGEY, Deceased, and
LORENA TORREZ,

      Plaintiffs,

vs.                                                   No. CIV-02-1239 JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT, KAREN ZARATE,
LYDIA R. SAENZ, SONIA PEREZ, VIRGINIA VILLAREAL,
VIVIAN ENCINIAS, GINGER BOWMAN, DENISE H. NARVAEZ,
JANE DOE, AND JOHN DOE in their individual capacities, the
NEW MEXICO CHILDREN, YOUTH and FAMILIES
DEPARTMENT, TERRY BOGEY, a/k/a TERI BOGEY, and
VERONICA BOGEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Vehstedt, Zarate, Saenz, Villareal, CYFD, Veronica Bogey, Terry Bogey, Holmes, and Perez' Motion for Rule 16 Scheduling Conference, filed February 5, 2004 (Doc. 149). The primary issue is whether the Court should hold a scheduling and planning conference. Because the Court finds that an additional rule 16 scheduling conference is unnecessary at this time, the Court will deny the motion without prejudice.

## BACKGROUND

The Honorable Karen Molzen, United States Magistrate Judge, held an initial rule 16 scheduling conference almost one year ago, on March 21, 2003. See Order Following Discovery Hearing, filed March 21, 2003 (Doc. 60). At the initial rule 16 conference, Judge Molzen decided to allow the parties to take limited discovery regarding the Defendants' motions for qualified

immunity. See id. at 1. The parties submitted a stipulated order identifying the parameters for the discovery that would be conducted regarding the issues raised in the Defendants' qualified immunity motions. See Stipulations on Discovery Regarding Qualified Immunity, filed April 21, 2003 (Doc. 73).

The Plaintiffs conducted limited discovery and filed their responses to the Defendants' qualified immunity motions in August, 2003. On November 7, 2003, the Court heard argument on a number of these dispositive motions and issued oral rulings granting the motions for summary judgment that Defendants Villareal and Bowman filed. The Court denied the other motions for summary judgment on qualified immunity. The Court issued a number of other rulings limiting the case. The Court indicated that it would issue one or more written memoranda and orders reflecting its rulings.

Because at least some of the Plaintiffs' federal claims survived motions for summary judgment on qualified immunity grounds, the Court entered the Initial Pretrial Report ("IPTR"), thereby allowing the parties to take discovery on a standard discovery track to avoid any further delay on the case's progress. See IPTR, filed Nov. 13, 2003 (Doc. 137). The Plaintiffs represent that, since the Court entered the IPTR, they have diligently pursued written discovery. The Plaintiffs have also made rule 26 disclosures for two out of three of their anticipated expert witnesses, and have requested a brief extension of the expert witness disclosure deadline for the third anticipated expert witness. See Plaintiff's Motion to Extend Expert Witness Deadlines, filed February, 5, 2004 (Doc. 148). The parties are presently in the process of scheduling depositions.

After November 7, 2003, Defendants Veronica Bogey and Terry Bogey filed a Motion for Summary Judgment based on lack of standing concerning Plaintiff Scott Johnson's status. CYFD has

filed a Motion for Summary Judgment as to Count IX of Amended Complaint, filed January 9, 2004 (Doc. 143), which the parties are presently in the process of briefing. The parties have also filed motions in two New Mexico courts that may affect the outcome or ruling on pending motions in this case. The Bogey Defendants have filed a Petition for an Order Restraining Personal Representative Scott Johnson in the Second Judicial District. See PB 2002-517. The state court will hear that petition on March 31, 2004. Johnson has filed a Motion to Reopen and Set Aside Decree of Adoption in the Fifth Judicial District. See SA-2000-12. CYFD is intervening in that case.

The Court's present schedule requires the parties to complete and terminate discovery by April 5, 2004. See IPTR at 11 (Doc. 137). The moving Defendants represent that it is unlikely the pending motions in this Court and in state court concerning Johnson's status, as well as the adoption, will be finally resolved before April 5, 2004. It is the consensus of the moving Defendants that it would be helpful to all counsel to have the opportunity to discuss these matters with the Court in a scheduling conference so that counsel can proceed in an efficient and productive manner consistent with the Court's intention. All Defendants join in the request for a scheduling conference. Johnson opposes this motion.

## **ANALYSIS**

The court agrees with the Plaintiffs that no good reason exists to hold a third or yet another rule 16 scheduling conference in this matter. The moving Defendants do not state the relief they seek by holding such a conference. The Plaintiffs oppose the motion because they suspect that one or more of the Defendants intend to, or might, request another stay of discovery.

If the Defendants desire another stay, the moving Defendants' papers do not demonstrate good cause for such a stay. The Court is not, by saying that, denying a motion or request that the

Defendants have not yet made, but the Court is concerned that another stay would unfairly benefit the Defendants. The Plaintiffs have already expended substantial resources toward completing discovery, and delay has a tendency to increase the costs for everyone.

If the Defendants' concern is that certain of them have not conducted discovery based on the Court's representations that it would dismiss them from the lawsuit, then the Defendants' motion is not yet ripe. Nonetheless, the Court is sensitive to any such concern that the Defendants might have about the Court's eventual orders being consistent with the oral rulings, and the Court will endeavor to complete and serve all promised orders and opinions by April 5, 2004. The Defendants need only seek relief if and when the Court denies a qualified immunity motion that the Court previously indicated that it was going to grant.

Finally, the moving Defendants contend that the reason for a scheduling conference is to discuss the case, its status in this Court, the possible effects of the state proceedings, and determine what schedule makes the most sense. The Plaintiffs do not deny that there are several motions in different New Mexico state district courts that might affect this federal proceeding. The Court does not see, however, on the materials before it, how the state court actions referenced in the moving Defendants' motion have a bearing on discovery in this case. These actions appear to pertain to the Defendant Veronica Bogey's challenge to Johnson's authority as representative of Grace's Estate. These state court proceedings include a motion to set aside Johnson's appointment as personal representative and a motion to set aside the adoption. The Court will need to address soon the issue of Johnson's authority to pursue this action. See, e.g., Plaintiff Johnson's Response to Bogey Defendants' Motion for Summary Judgment Based on Lack of Standing at 5-7, filed Jan. 9, 2004 (Doc. 145). The moving Defendants contend that both of the state court motions will directly affect

the motion for summary judgment concerning standing (Doc. 141), pending before the Court.

The Plaintiffs represent that it may take years to resolve these state court actions and the appeals that will likely follow. While these state court actions may impart procedural or substantive issues on the merits, the Court does not think that they should impact discovery.

The parties should proceed with discovery as set forth in the IPTR. While the Court does not believe it makes sense to discuss all of these matters at this time, it does want to avoid the possible alternative of more motions, more briefs, and less clarity. If the Defendants, either as a group, or individually, decide specifically what they want the Court to do, they may call my Courtroom Deputy, Ms. K'Aun Sanchez, tell her what the Defendants want, and then the Court can sit down with the parties to discuss the case. More motions are not necessary, but also not precluded. The Court believes the Defendants deciding specifically what they want is the first step in an efficient conference that may involve a request for a stay.

**IT IS ORDERED** that Defendants Vehstedt, Zarate, Saenz, Villareal, CYFD, Veronica Bogey, Terry Bogey, Holmes, and Perez' Motion for Rule 16 Scheduling Conference, filed February 5, 2004 (Doc. 149) is denied without prejudice.

```
_____
UNITED STATES DISTRICT JUDGE
```

Counsel:

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

Tim Flynn-O'Brien
Bryan & Flynn-O'Brien
Albuquerque, New Mexico

>*Attorney for Defendants Bonnie Vehstedt, Lydia R. Saenz,*
>*Karen Zarate, and Virginia Villareal*

Randolph B. Felker
Felker, Ish, Ritchie, & Geer, P.A.
Santa Fe, New Mexico

>*Attorneys for Defendants Anne Holmes, Sonia (Sanchez) Perez,*
>*Ginger Bowman, Denise H. Narvaez, Vivian Encinias,*

Jerry A. Walz
Walz and Associates
Cedar Crest, New Mexico

>*Attorneys for Defendants Veronica Bogey and Terry Bogey*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

>*Attorneys for Defendant Children, Youth, and Families Department*