## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as Personal Representative
of the Estate of GRACIELA CANO a/k/a
GRACE LEE BOGEY, Deceased, and
LORENA TORREZ,

       Plaintiffs,

vs.                                                        No. CIV-02-1239 JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT,
KAREN ZARATE, LYDIA R. SAENZ,
SONIA PEREZ, VIRGINIA VILLAREAL,
VIVIAN ENCINIAS, GINGER BOWMAN,
DENISE H. NARVAEZ, JANE DOE, and
JOHN DOE in their individual capacities, the
NEW MEXICO CHILDREN, YOUTH
AND FAMILIES DEPARTMENT,
TERRY BOGEY, a/k/a TERI BOGEY, and
VERONICA BOGEY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Summary Judgment by Defendants Veronica and Teri Bogey on Counts III, IV, and VIII Based on Lack of Standing, filed December 10, 2003 (Doc. 141). The primary issue is whether Plaintiff Scott Johnson has constitutional standing to prosecute Counts III, IV, and VIII of the Complaint. Because the Court finds that Johnson has standing to invoke federal court jurisdiction and to pursue those claims which survive Grace Bogey's death, the Court will deny the motion in part as to all claims that survive Grace's death. The Court will grant the motion to dismiss Count IV, which does not survive her death.

## FACTUAL BACKGROUND

On March 12, 1999, Plaintiff Lorena Torrez signed a Relinquishment of Parental Rights and Consent to Adoption regarding Grace Bogey.   See In the Matter of Stephanie Torrez, Amanda Hernandez, and Graciela Cano, and Concerning Lorena Torrez, Eladio Hernandez, and Jesus Cano, Respondents, Relinquishment of Parental Rights and Consent to Adoption (In the Children's Court, Third Judicial District Court, County of Dona Ana, State of New Mexico, filed March 15, 1999). Veronica Bogey, by court decree, adopted Grace Bogey on July 31, 2000.   See id., Decree of Adoption (filed July 31, 2000).   The Plaintiffs contend that Veronica Bogey, Terry Bogey, and several of the CYFD Defendants obtained the decree by committing fraud upon the children's court. See In the Matter of the Adoption of Veronica Bogey. No. SA-2000-12, Motion to Reopen and Set Aside Decree of Adoption (Fifth Judicial District, Children's Court Division).

Grace had two minor biological sisters, Stephanie Torrez, born August 24, 1994, and Amanda Hernandez, born July 31, 1996.   Grace continued to visit with her sisters while she was in CYFD's custody, and Stephanie felt a sense of responsibility to care for her sisters.   See, e.g., In the Matter of: Stephanie Torrez, Amanda Hernandez, and Graciela Cano, Children, And Concerning Lorena Torrez, Eladio Hernandez, and Jesus Cano, No. JQ-98-03, CASA Report to the Court re: Dec. 18, 1998 Permanency Hearing (Third Judicial District, Children's Court Division, County of Dona Ana, State of New Mexico; id., Findings of Fact; id., Judicial Review Report/Reassessment prepared by Defendant CYFD (filed Nov. 5, 1998).

On or about September 2, 2000, Grace Bogey passed away.   See Amended Complaint for Civil Rights Violations, Breach of Contract, Tort Claims, and Damages ¶ 26, at 5-6, filed September 4, 2002 in the Second Judicial District, County of Bernalillo, State of New Mexico and attached to

the Notice of Removal, filed October 2, 2002 (Doc. 1).  The Plaintiffs allege that the Bogey Defendants murdered Grace and abused her before her death. See State of New Mexico v. Teri Bogey, No. CR 02-197, Plea and Disposition Agreement (Fifth Judicial District Court, County of Chaves, State of New Mexico, filed Aug. 12, 2003).  A grand jury found probable cause to return an indictment against Veronica Bogey for causing Grace's death.  See State of New Mexico v. Veronica Bogey, No. CR 02-196, Grand Jury Indictment Against Veronica Bogey (Fifth Judicial District Court, County of Chaves, State of New Mexico, filed June 18, 2002).  Veronica Bogey has not, however, been convicted of a first or second degree felony related to Grace's alleged murder. See Affidavit of Veronica Bogey ¶ 3, at 1 (executed Dec. 6, 2003).

## PROCEDURAL BACKGROUND

On August 2, 2002, Johnson, on behalf of Stephanie and Amanda, filed an application before the Second Judicial District Court to protect their interests in Grace's Estate and requesting the informal appointment of Johnson to serve as personal representative for Grace's Estate and to act on her sisters' behalf.  See In the Matter of the Estate of Graciela Cano a/k/a Grace Bogey, a Minor, Deceased, No. PB 2002-00517, Application for Informal Appointment of Personal Representative (Second Judicial District Court, County of Bernalillo, State of New Mexico, filed Aug. 2, 2002). Johnson represented to the state court that Stephanie and Amanda were the lawful heirs to Grace's Estate through intestacy.  See id.  On August 5, 2002, based on the representations in the application, the Second Judicial District Court entered an order informally appointing Johnson as personal representative of Grace's Estate.  See id., Order for Informal Appointment of Personal Representative (filed Aug. 5, 2002).

Thus, Johnson is the duly appointed personal representative of Grace's Estate.  His

application requesting the informal appointment, however, omitted the fact that Veronica Bogey adopted -- legally or fraudulently -- Grace on July 31, 2000.  See id., Application for Informal Appointment of Personal Representative.

Veronica and Terry Bogey (the "Bogey Defendants") contend that Counts III, IV, and VIII are the only claims that Johnson asserts against them.[1]  Johnson, as personal representative of Grace's Estate, now asserts a wrongful death claim in Count VIII against the Bogey Defendants for Grace's death.  See Complaint ¶¶ 81-83, at 16 and "Wherefore" clause, at 16.  Veronica Bogey has not authorized Johnson to bring a wrongful death claim on her behalf.  See V. Bogey Aff. ¶ 4, at 1.

In addition, Johnson, as personal representative of Grace's Estate, asserts a § 1983 claim in Count III and state law claims in Count IV against the Bogey Defendants.  See Complaint ¶ 49-56, at 10-11 and the "Wherefore" clauses, at 11.  Veronica Bogey has not authorized Johnson to assert the § 1983 or the state tort law claims against her and Terry Bogey.  See V. Bogey Aff. ¶ 4, at 1.

Lorena Torrez is also listed as a Plaintiff in the caption.  The only claims that she asserts in the lawsuit are found in Count IX, where she seeks damages based on breach of contract claims against CYFD.

Because of the alleged fraud that the Bogey Defendants and some of the CYFD Defendants committed on the Children's Court, Johnson, in his capacity as personal representative of Grace's Estate, is presently seeking to reopen and set aside the Decree of Adoption in the Children's Court

---

[1] The Plaintiffs identify Count VI as "negligence claims against all defendants," see Complaint at 13 (heading: "Count VI - Negligence Claims Against All Defendants"); Count VI does not, however, identify the Bogeys, and Johnson does not include them in his "wherefore" clause" contained in that section.  The Plaintiffs have not, in their response or at oral argument, suggested that Count VI is against the Bogey Defendants.  The Court will, therefore, assume that the Plaintiffs have not brought Count VI against the Bogey Defendants.

under rule 1-60B of the New Mexico Rules of Civil Procedure.  See NMRA Rule 1-60B; In the Matter of the Adoption Petition of Veronica Bogey, No. SA 2000-012, Motion to Reopen and Set Aside Decree of Adoption and Memorandum in Support of Motion (Fifth Judicial District Court, County of Chaves, State of New Mexico).  In addition, Johnson has filed a petition under NMSA 1978, § 45-2-803G (1995), in the state court probate action that is administering Grace's Estate, for a determination by the state court under the New Mexico Probate Code that Veronica Bogey would be found criminally accountable for the felonious and intentional killing of Grace under a preponderance of the evidence standard.  See In the Matter of the Estate of Graciela Cano a/k/a Grace Bogey, a Minor, Deceased, No. PB 2002-00517, Petition by Personal Representative for Determination of Veronica Bogey as Decedent's Killer and Memorandum in Support of Petition (Second Judicial District Court, County of Bernalillo, State of New Mexico, filed January 7, 2004). Johnson contends that NMSA 1978, § 45-2-803F (2003) precludes Veronica Bogey from being an heir.

Veronica Bogey has filed a petition in the administration of Grace's Estate in the state probate court seeking to remove or restrain Johnson as personal representative.  The state probate court originally scheduled a hearing for February 4, 2004.  See id., Notice of Hearing (filed December 15, 2003).  The state probate court since that time has rescheduled this hearing for March 31, 2004.  See Transcript of Hearing at 6:24-25.[2]

The Bogey Defendants move pursuant to rule 56 of the Federal Rules of Civil Procedure for the dismissal of Counts III, IV, and VIII based on Johnson's lack of standing to bring and prosecute

---

[2] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

this lawsuit.

## STANDARD FOR DECIDING MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Jurasek v. Utah State Hosp., 158 F.3d 506, 510 (10th Cir. 1998)(quoting Fed. R. Civ. P. 56(c)). In applying this standard, the Court reviews the factual record and all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. See id.

## LEGAL ARGUMENTS

The Bogey Defendants argue that Veronica Bogey is the sole heir to Grace's Estate as a result of the adoption and pursuant to NMSA §§ 45-2-114B, 45-2-103B. The Bogey Defendants also contend that Johnson omitted a legally essential fact in his application when he failed to advise the court that Veronica Bogey had adopted Grace. The Bogey Defendants contend that, under NMSA § 41-2-3D, Veronica Bogey is and now remains the sole statutory beneficiary of a wrongful death claim, and that no interested party to Grace's Estate has made a showing that Veronica Bogey has forfeited her right to inherit from the estate under NMSA § 45-2-803.

The Plaintiffs argue that they are contesting Veronica Bogey's legal status with respect to Grace in the adoption proceeding. They are also contesting her status as an heir to Grace's Estate in the state court administering Grace's Estate. The Plaintiffs argue that, if they are successful in their state court action, a finding against Veronica Bogey -- on the issue whether she would be found criminally accountable for the felonious and intentional killing of Grace -- will necessarily dispose of Veronica Bogey's claim that she is a person interested in Grace's Estate, because she has forfeited

her right to inherit from Grace's Estate by operation of § 45-2-803B.  See NMSA § 45-2-803G.  The Plaintiffs contend that Johnson has made this showing in the administration of Grace's Estate in state court.

## ANALYSIS

While the state court may ultimately conclude that Johnson does not have the claims brought by him and cannot prosecute them, Johnson satisfies the minimal requirements for constitutional standing.  Having found that Johnson has constitutional standing and has properly invoked federal court jurisdiction, the Court should stop there and not decide whether the state court has properly appointed him as personal representative or whether Veronica Bogey is a proper heir under New Mexico law.  The Court will abstain from deciding those questions related to the probate and await the state courts' decisions on those issues.

## I.   JOHNSON HAS STANDING TO INVOKE THE COURT'S JURISDICTION.

The issue of standing implicates a court's subject matter jurisdiction and focuses on whether a litigant is entitled to have a federal court decide the merits of a dispute.  See Raiser v. United States, 325 F.3d 1182, 1183 (10th Cir. 2002).  The party invoking federal jurisdiction bears the burden of proof, whereby the party must show by a preponderance of the evidence that federal jurisdiction exists.  See United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994); Marcus v. Kansas, 170 F.3d 1305, 1309 (10th Cir. 1999).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

A plaintiff must establish three elements to satisfy the minimum constitutional requirements of standing. First, the plaintiff must have experienced an "injury in fact," that is, an invasion of a legally protected interest that is "concrete and particularized"

and "actual or imminent."  Second, "there must be a causal connection between the
injury and the conduct complained of."  Third, it must be likely, not speculative, that
the injury will be redressed by the trial court's favorable decision.

Colorado Environmental Coalition v. Wenker, 353 F.3d 1221 (10th Cir. 2004)(quoting Lujan v.

Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Under this analysis, Johnson, as the state

court's duly appointed personal representative of Grace's Estate, has standing to pursue this action

against the Bogey Defendants.

Although the Bogey Defendants argue that Johnson is not a proper personal representative

of Grace's Estate, the fact remains that the Second Judicial District court has appointed him as

personal representative.  See In the Matter of the Estate of Graciela Cano a/k/a Grace Bogey, a

Minor, Deceased, No. PB 2002-00517, Order for Informal Appointment of Personal Representative.

As such, New Mexico law confers upon him "the same standing to sue and be sued in the courts of

New Mexico and the courts of any other jurisdiction as his decedent had immediately prior to death."

NMSA 1978, § 45-3-703E (1995).  Johnson has alleged that Grace was injured under constitutional

and state law.  He has further sufficiently established that the Defendants' actions caused the alleged

injuries.  Finally, a favorable decision by this Court would redress those injuries.  Accordingly,

Johnson has standing to sue the Defendants in federal court.

## II.   THE COURT WILL DECLINE TO DECIDE WHETHER THE STATE COURT PROPERLY APPOINTED JOHNSON AS PERSONAL REPRESENTATIVE.

What the Bogey Defendants are arguing is not so much a constitutional standing issue, but

whether the state court properly appointed Johnson as personal representative.  That latter issue may

be a real party in interest issue, see Fed. R. Civ. P. 17(a), or an issue of who owns the claims or an

issue of whether anyone can bring these claims, but assuming that Johnson is the proper

representative, he has standing.  The next issue is whether this federal Court should move to these additional issues about who is the proper personal representative and who is a proper heir, and decide them.

The Court believes that it should abstain from deciding whether the state court properly appointed Johnson personal representative under New Mexico law.  It is undisputed that the state court appointed Johnson personal representative of Grace's Estate.  That prevents the Court from doing many of the things that the Bogey Defendants request the Court to do in their motion for summary judgment.

As a general rule, federal courts are limited in their jurisdiction to decide issues relating to the administration of state probate law.  See Rienhardt v. Kelly, 164 F.3d 1296, 1300 (10th Cir. 1999)("'The standard for determining whether federal jurisdiction may be exercised is *whether under state law the dispute would be cognizable only by the probate court.  If so, the parties will be relegated to that court*; but where the suit merely seeks to enforce a claim *inter partes*, enforceable in a state court of general jurisdiction, federal diversity jurisdiction will be assumed.'")(quoting McKibben v. Chubb, 840 F.2d 1525, 1529 (10th Cir. 1988))(emphasis added by Rienhardt court). See also Morgan v. Equitable Life Assur. Soc'y, 446 F.2d 929, 932 (10th Cir. 1971).  In Morgan v. Equitable Life Assur. Soc'y, a widow brought a diversity action in federal court on her deceased husband's life insurance policy after she had been found guilty of third-degree manslaughter with regard to her husband's death.  See id. at 930.  The defendant placed the insurance proceeds in escrow and asked the federal court to determine whether the widow was entitled to receive the funds given the presence of an issue regarding the widow's rights under a Kansas statute that provided that a decedent's killer could not inherit from the decedent under certain circumstances.  See id. (citing

-9-

state law).  The federal court made a determination that the widow could recover the proceeds on the insurance policy, while the state court had ruled that the widow could not take under the decedent's will.  See id. at 931.

At the time of the review by the United States Court of Appeals for the Tenth Circuit, the state court decision was under appeal.  See id. at 930.  On review, the Tenth Circuit observed the anomalous situation that would arise where a state court determined that a person could not inherit from an estate, but a federal district court determined that the person could so inherit.  See id. at 932 ("We believe that comity and the principles of sound judicial administration require that the same answer be given in each case.  The construction and determination of the Kansas statute, is for determination by the Kansas courts.").  Under these circumstances, the Tenth Circuit held that the federal district court had an obligation to abstain until the issue of inheritance was decided by the state courts.  See id. (relying in part on Harman v. Forssenius, 380 U.S. 528, 534 (1965)(stating that abstention may be applied where "the issue of state law is uncertain.")); Beren v. Ropfogel, 24 F.3d 1226, 1228 (10th Cir. 1994)(observing general rule that federal courts may not "interfere with the probate proceedings or assume general jurisdiction or control of the property in the custody of the state court.").

In Rienhardt v. Kelly, a case which arose in New Mexico, the Tenth Circuit recognized the "probate exception" to federal jurisdiction.  See 164 F.3d at 1299-1300 (observing that a "federal court has no jurisdiction to probate a will or administer an estate.").  Thus, where the case presents to a federal court an issue concerning a state probate matter, the federal court may not exercise federal jurisdiction where "under state law the dispute would be cognizable only by the probate court."  Id. at 1300.  The Tenth Circuit went on to hold that whether a will and testamentary

agreement were the result of undue influence "is ancillary to the probate proceedings and thus jurisdiction by the federal court is precluded by the probate exception." Id. at 1301 (observing that issue of undue influence is to be raised in probate proceedings under New Mexico law).

With their motion, the Bogey Defendants are seeking an order from this Court that Johnson is not the proper personal representative and that New Mexico probate law bars Veronica Bogey from profiting from Grace's death. These issues are ancillary to the state probate proceedings and are presently before the state court for decision. Under these circumstances, the Court should abstain from exercising jurisdiction to decide issues going to the administration of Grace's Estate. The Court will deny the Bogey Defendants' request that the court decide whether Johnson is a proper personal representative or whether Veronica Bogey is a proper heir.

## III.   THE COURT WILL ADDRESS THE SURVIVABILITY OF JOHNSON'S CLAIMS.

While Johnson meets the constitutional requirements for standing, that does not mean his claims are legally sufficient. The question here is whether Johnson's claims survive Grace's death. The Court determines that some of Johnson's intentional claims do not survive Grace's death.

### A.   JOHNSON'S INTENTIONAL TORT CLAIMS IN COUNT IV DO NOT SURVIVE GRACE'S DEATH.

The question is whether the intentional torts under state law in Count IV meet New Mexico's requirements for survivability. In Count IV, Johnson alleges that Veronica Bogey subjected Grace to assault and battery on numerous occasions and intentionally inflicted emotional distress upon her. See Complaint ¶¶ 54-55, at 11. If these state tort law claims alleged in Count IV are premised on the actions occurring before Grace's death, these intentional torts do not survive Grace's death, because these independent torts did not cause her death.

The New Mexico survival statute provides: "In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled to or liable to the same."  NMSA § 37-2-1.  Johnson's state tort law claims are not in the nature of the listed actions.  Therefore, the Court must look to common law to determine whether such claims survive Grace's death.

Under the common law, personal tort actions died with the victim.  See Rodgers v. Ferguson, 89 N.M. 688, 690, 556 P.2d 844, 846 (Ct. App. 1976).  The New Mexico Court of Appeals modified this approach and decided that personal tort actions based on negligence should survive the victim's death.  See id. at 694, 556 P.2d at 850.  In reaching this decision, the Court of Appeals expressed no opinion as to the survival of other actions under the common law.  See id. at 694, 556 P.2d at 850. Therefore, the Court of Appeals left open the question whether a personal tort action based on an intentional tort survives the unrelated death of a plaintiff.

Although no binding precedent has resolved this issue, the Tenth Circuit in an unpublished opinion has decided that intentional torts do not survive the unrelated death of a victim in New Mexico.  See Medina v. Pacheco, 161 F.3d 18 (Table), 1998 WL 647784 (10th Cir. September 14, 1998).[3]  Johnson raises a number of interesting and thoughtful arguments why New Mexico law should allow intentional torts to survive, but the Court need not detail them here or address them.

_____

[3] Medina v. Pacheco is an unpublished opinion and "[u]npublished orders and judgments of [the Tenth Circuit] are not binding precedents, except under the doctrines of law of the case, res judicata, and collateral estoppel."  U.S. Ct. App. 10th Cir. R. 36.3(a).  Though Medina v. Pacheco is not binding precedent, it may be used as persuasive authority with respect to a material issue that has not been addressed in a published opinion.  See Patton v. Denver Post Corp., 326 F.3d 1148, 1152 n.2 (10th Cir. 2003).

The Tenth Circuit in <u>Medina v. Pacheco</u> addressed all of them or at least similar arguments.  Even if <u>Medina v. Pacheco</u> is not binding, there is no new or sound reason why this Court should reach a different result.

Here, the intentional torts that Johnson alleges – including assault, battery, and intentional infliction of emotional distress – occurred before Grace's death.  Under <u>Medina v. Pacheco</u>, Johnson cannot recover on these claims separate from the wrongful death claim, which does, obviously, survive Grace's death.  Accordingly, Johnson cannot assert Count IV on Grace's behalf, as those claims do not survive past her death.[4]

### B.   JOHNSON MAY PURSUE THE § 1983 CLAIMS ASSERTED IN COUNT III AGAINST THE BOGEY DEFENDANTS.

The Bogey Defendants assert that the Court should dismiss Johnson's § 1983 claims for their abuse of Grace, save those immediately resulting in her death, because those claims do not survive Grace's death.  The Bogey Defendants again rely on <u>Medina v. Pacheco</u>, 1998 WL 647784, which held that, under New Mexico law, intentional torts do not survive the death of a person unrelated to the defendants' actions.  In <u>Medina v. Pacheco</u>, the Tenth Circuit observed that its ruling that § 1983 claims did not survive the plaintiff-decedent's death "should have no effect on the deterrent value of § 1983, because [the plaintiff's] death was unrelated to the actions of the defendants."  <u>Medina v. Pacheco</u>, 1998 WL 647784 at *5.

In his Response, Johnson argues that all of his §1983 claims relate to Grace's death -- that

---

[4] These intentional tort claims in Count IV which do not relate to Grace's death are distinguishable from any claims relating to her death falling under Count VIII, wrongful death.  Those claims which are related to the decedent's death may be brought under the Wrongful Death Act.  <u>See</u> NMSA (1978), §§ 41-2-2.  Because the Court finds that Johnson has standing, he may, at the present time, pursue all claims for acts related to Grace's death falling under Count VIII for wrongful death.

none of the claims under §1983 should be considered unrelated to her death.  See Response at 13 &

n. 5.  To determine the survivability of claims under §1983, the Court looks to state law.  See Pierce

v. Gilchrist, ___ F.3d ___, 2004 WL 383245 (10th Cir. March 2, 2004)("[A]s a general matter

  federal courts look to state law in fashioning rules regarding whether a § 1983 claim survives the

plaintiff's death[.]")(citing Robertson v. Wegman, 436 U.S. 584 (1978)).  To the extent that Johnson

is asserting claims under §1983 that are similar to the state tort claims asserted in Count IV, this

Court has already found that New Mexico common law does not allow such claims to survive if they

are unrelated to the death of the decedent; however, in Jaco v. Bloechle, 739 F.2d 239 (6th Cir.

1984), the United States Court of Appeals for the Sixth Circuit stated:

> The § 1983 objective of protecting individual liberties by providing compensation to
> the victim for an illegal deprivation of constitutional entitlements by state officers
> cannot be advanced, and is only undermined, by deferring to a state law which decrees
> abatement under circumstances where, as here, asserted constitutional infringements
> resulting from action taken under color of state law caused instant death.

739 F.2d at 244-45 (quoted with approval in Pierce v. Gilchrist, Slip Opinion at 21.  Thus, the Court

should not follow the New Mexico common law rule regarding survivability if that rule would

frustrate §1983's purpose.

The Court need not decide on this motion whether New Mexico common law regarding

survivability frustrates § 1983's purpose.  As Johnson has pled them, the § 1983 claims all relate to

Grace's death.  See Complaint ¶ 52, at 11 ("Defendants' acts proximately caused Plaintiffs' decedent

damages and injuries.  These damages include physical injury, physical pain and suffering, fear, terror,

severe psychological and emotional distress, and loss of life.").  Furthermore, at the hearing on this

matter, as well as in their Reply, the Bogey Defendants conceded that, as Johnson has pled them, the

§ 1983 claims survive Grace's death.  See Transcript of Hearing at 12:14-20; Reply to Plaintiff Scott

-14-

Johnson's Response in Opposition to the Bogey Defendants' Motion for Summary Judgment at 11, filed March 1, 2004 (Doc. 170). The Court will, therefore, not dismiss at this time § 1983 claims against the Bogey Defendants in Count III, because as pled, they survive Grace's death and Johnson may pursue these claims.

**IT IS ORDERED** that the Motion for Summary Judgment by Defendants Veronica and Terry Bogey on Counts III, IV, and VIII Based on Lack of Standing is granted in part and denied in part. The Court will dismiss Count IV against Defendants Veronica and Terry Bogey with prejudice. The Court will not dismiss Counts III or VIII against Veronica and Terry Bogey.


_____
UNITED STATES DISTRICT JUDGE

Counsel:

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Randolph B. Felker
Felker, Ish, Ritchie & Greer
Santa Fe, New Mexico

    *Attorneys for Defendants Anne Holmes, Sonia (Sanchez) Perez,*
    *Ginger Bowman, Denise H. Narvaez, Vivian Encinias,*

Timothy V. Flynn-O'Brien
Bryan & Flynn-O'Brien
Albuquerque, New Mexico

     *Attorneys for Defendants Bonnie Vehstedt, Lydia R. Saenz,*
     *Karen Zarate, and Virginia Villareal*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

     *Attorneys for Defendant Children, Youth, and Families Department*

Jerry A. Walz
Anthony (T.J.) J. Truijillo
Walz and Associates
Cedar Crest, New Mexico

     *Attorneys for Defendants Veronica Bogey and Terry Bogey*