# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as personal representative of
the Estate of GRACIELA CANO a/k/a GRACE
LEE BOGEY, deceased, and LORENZO TORREZ,

      Plaintiffs,

vs.                                                   No. CIV 02-1239 JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT,
KAREN ZARATE, LYDIA R. SAENZ, SONIA
PEREZ, VIRGINIA VILLAREAL, VIVIANE
ENCINIAS, GINGER BOWMAN, DENISE H.
NARVAEZ, JANE DOE, and JOHN DOE in their
individual capacities, the NEW MEXICO
CHILDREN YOUTH AND FAMILIES
DEPARTMENT, TERRY BOGEY, a/k/a TERI
BOGEY, and VERONICA BOGEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Certain Witnesses Identified by Defendant Veronica Bogey, filed June 21, 2004 (Doc. 249). The primary issue is whether the Court should permit Veronica Bogey to identify witnesses -- after the Court's deadline for doing so -- when the Plaintiff, Scott Johnson, has no interest in deposing them. Because the Court does not see any prejudice from allowing Veronica Bogey to call these witnesses, the Court will deny Johnson's motion to strike.

## PROCEDURAL BACKGROUND

Veronica Bogey has known of the witnesses identified in this supplemental disclosure for at least one year before she identified them to Johnson in this case. See State v. Veronica Bogey, Case

No. D-504-CR-200200196, "Defendant's Witness List" (Fifth Judicial District, Chaves County, State of New Mexico, witness list filed May 30, 2003)(identifying several of the same witnesses that Veronica Bogey disclosed in the federal lawsuit on June 18, 2004); Def. Veronica Bogey's Supp. Disclosure of Witnesses (served June 18, 2004)(Doc. 248). It is likely, however, that she knew of them for years, because she took Grace to these persons for treatment before Grace died on September 2, 2000. As a result of her criminal trial, Veronica Bogey had uncovered fourteen fact witnesses whom had not otherwise been identified as witnesses in this case. These witnesses include:

1. <u>Oralia Aguilar</u>. Aguilar was Grace's preschool teacher from August 28, 2000 to August 31, 2000.

2. <u>Lore Chamberline</u>. Chamberline was Veronica Bogey's friend and jazzercise instructor. Chamberline has knowledge of Bogey's character, and she had occasion to observe Grace during the relevant time.

3. <u>Lance Eaton</u>. Lance Eaton is Veronica Bogey's uncle. He has knowledge of Veronica Bogey's personal character and had occasion to observe Grace's care and treatment.

4. <u>Wilma Eaton</u>. Wilma Eaton is Veronica Bogey's grandmother. Wilma Eaton has knowledge of Veronica Bogey's personal character and of Grace's care and treatment. Veronica Bogey keeps in frequent contact with her grandmother, and she has discussed with her grandmother the nature of the case.

5. <u>Leah Gutierrez</u>. Gutierrez was Grace's occupational therapist for the summer of 2000.

6. <u>Tara Johnson</u>. Tara Johnson was Grace's Sunday school teacher. Tara Johnson had occasion to observe Grace both physically and emotionally during the relevant times.

7. <u>Linda Reese</u>. Reese was Grace's speech therapist from November of 1999 to May of 2000.

8. <u>Tammy Oranda</u>. Oranda was Grace's teacher at Los Pasitos where Grace went every Tuesday and during the summer of 2000.

9. <u>Donna Roden</u>. Roden worked with Veronica Bogey and had opportunities to observe

    Veronica Bogey's care and treatment of Grace.

10. <u>Dr. Schwend</u>.  Schwend is an orthopedic doctor and saw Grace in July of 2000.

11. <u>Dr. Frederick C. Sherman</u>.  Sherman apparently saw Grace in July of 2000 and is an orthopedic doctor who fitted Grace for a new brace that he invented.

12. <u>R. Tracy Sprouls</u>.  Sprouls is the attorney who handled Grace's adoption.

13. <u>Christi Wantland</u>.  Wantland was Grace's occupational therapist from November of 1999 to May of 2000.

14. <u>Debbie Wolfe</u>.  Wolfe provided physical therapy services for Grace from November of 1999 until August of 2000.  Wolfe has knowledge of Grace's physical and emotional states during the relevant time.

Veronica Bogey filed comprehensive witness lists in her criminal case over a year ago. Veronica Bogey did not, before June 18, 2004, previously place Johnson on notice that she might call the persons that she now identifies as witnesses.  Instead, Veronica Bogey did not place Johnson on notice that these persons existed.  Discovery in this case ended on April 5, 2004.

At the May 24, 2004 hearing on Defendant Veronica Bogey's motion to reopen discovery, the Court asked Veronica Bogey's counsel whether she wanted to identify and call at trial all fourteen witnesses.  <u>See</u> Transcript of Hearing Excerpt at 2:3-4 ("Is there any way we can trim this list down?").  Veronica Bogey's counsel responded: "MR. WALZ:  Perhaps we can, Your Honor. . . . Your Honor for sure we need Dr. Plunkett.  And I believe that we could maybe get by with three or four additional witnesses.  They have important information, but they're not major witnesses." <u>Id.</u> at 2:5, 9-12.  Accordingly, the Court ruled that Veronica Bogey would be allowed to identify a total of six additional witnesses.  It was the Court's understanding that, in doing so, it allowed Veronica Bogey to identify an expert witness and five additional fact witnesses, one of which would be Veronica Bogey.  <u>See</u> Clerk's Minutes re: May 24, 2004 hearing, filed May 24, 2004 (Doc. 234);

Excerpt at 3:14-15, 17-18 ("All right. Well, if you can do it in six, then limit your disclosure to six witnesses. . . . That will be Veronica and Plunkett and then you'll have four you can mix it with."). Veronica Bogey's counsel mistakenly believed that the Court had allowed her five witnesses in addition to Veronica Bogey and expert John Plunkett. The Court's Order entered July 1, 2004, was consistent with its ruling at the hearing and allowed a total of six witnesses. One of those six witnesses will be Veronica Bogey and another witness will be John Plunkett. The Court's order leaves Veronica Bogey with the opportunity to designate four additional fact witnesses.

The parties had different understandings what the Court ordered during the May 24th hearing about the timing of the disclosure of these witnesses. Veronica Bogey contends that, in good faith, her defense counsel understood the Court as directing them to serve Johnson's counsel with Plunkett's expert report within ten days from the date of the hearing. Veronica Bogey provided that report to Johnson's counsel within ten days. Veronica Bogey's counsel did not interpret the Court's order as including within that time period the filing with the Court the names of the additional witnesses that the Court allowed. Johnson understood the Court to order all of the new discovery -- including Plunkett's expert report and the new witnesses -- within 10 days of the date of the hearing.

While the Court did rule that Plunkett's expert report was due to Johnson's counsel within ten days of the date of the hearing, see Excerpt at 4:13-14, the Court did not state that this deadline also applied to the new witness disclosures. The Court's Order from that hearing, entered July 1, 2004, does not contain specific time limits regarding the filing of subsequent witness disclosures that the Court allowed. See Order, filed July 1, 2004 (Doc. 257). The Court did intend for the same ten day deadline to apply to all new disclosures, including the fact witnesses, but in an oversight apparently did not communicate that intent clearly to the parties, either at the hearing or in its

subsequent Order.

After the hearing, defense counsel spoke telephonically with Johnson's counsel regarding discovery issues. According to Johnson's recollection and billing records reflecting that recollection, this conversation occurred on June 9, 2004, not within fourteen days of the May 24, 2004 hearing. Veronica Bogey's counsel made that call to inform Johnson's counsel that he was sending over some articles upon which Dr. Plunkett had relied and that he was working on getting a transcript of Plunkett's testimony from Veronica Bogey's criminal trial. Veronica Bogey's counsel mentioned in passing that he was working on Veronica Bogey's supplemental witness disclosures. Veronica Bogey represents that Johnson's counsel indicated that they did not intend to request the deposition of the additional five fact witnesses. See Affidavit of Anthony Trujillo ¶ 5, at 1-2 (executed July 5, 2004). Johnson concedes that he may have indicated that it was unlikely that he would depose any of Veronica Bogey's supplemental witnesses, but contends that statement was solely based on the fact that Veronica Bogey's supplemental witness disclosures were significantly late by the date of that telephone call. Johnson's counsel did not state that he was waiving the right to seek to depose any of the supplemental witnesses if the Court allowed Veronica Bogey to call these persons at trial.

The parties also discussed whether Johnson's counsel had a desire to take Terry Bogey's deposition, which remains outstanding. Veronica Bogey represents that Johnson's counsel indicated that they did not want to take his deposition. See id. ¶ 6, at 2. Veronica Bogey contends that Johnson's counsel has indicated that they want to depose, at some point, only the expert witness who Bogey has identified, Plunkett. In contrast, Johnson's counsel specifically recalls that he was not sure whether Johnson was still seeking to depose Terry Bogey, but stated that he would check with Johnson's senior counsel, Paul J. Kennedy. Johnson's counsel specifically recalls having that

-5-

conversation with Kennedy immediately after the telephone conversation with Veronica Bogey's counsel.

Subsequent to the hearing, Veronica Bogey's counsel had the task to narrow down the additional witnesses list to four fact witnesses. To disclose what she then believed was five additional fact witnesses, Veronica Bogey's counsel narrowed this list down by contacting key witnesses and learning what information the witnesses possessed. As a result of this process, Veronica Bogey has selected her fact witnesses, which include: Wilma Eaton, Oranda, Wentland, Chamberline, and Tara Johnson. Veronica Bogey will need to reduce that list by one pursuant to the Court's Order entered July 1, 2004, and consistent with the Court's ruling at the hearing on this motion.

Veronica Bogey does not dispute that she acted contrary to the Court's May 24th Order if it required her to identify her fact witnesses within ten days of the May 24th hearing. Veronica Bogey did not identify any additional fact witnesses until it made its supplemental witness disclosures on the afternoon of Friday, June 18, 2004 – more than two months after the close of disclosure and less than two months before trial. Johnson moves the Court to strike the new fact witnesses that Defendant Veronica Bogey identified.

## **LAW GOVERNING DISCLOSURE OF WITNESSES**

Rule 26(e)(1) provides that a party "is under a duty to supplement at appropriate intervals" its witness disclosure under Rule 26(a) "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). In relevant part, rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at

-6-

a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37 (c)(1). In construing rule 37 (c)(1), the United States Court of Appeals for the Tenth Circuit has stated

> [a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

## ANALYSIS

Johnson represents that, as a result of Veronica Bogey's untimely disclosures, he is unable to conduct any discovery about these witnesses before trial. Veronica Bogey contends, however, that Johnson's argument that there is not sufficient time to conduct discovery as to these witnesses is contrary to the telephonic conversations between counsel.

The Court does not believe that Veronica Bogey's 10 day delay in disclosure unfairly prejudiced Johnson. Johnson has had an opportunity to interview or depose Veronica Bogey's supplemental witnesses. The substance of their testimony should not surprise or unfairly prejudice Johnson. If Johnson did not intend to depose the new witnesses, the formal disclosure of the additional fact witnesses has not caused Johnson to suffer any prejudice or surprise. Further, on June 18th, Johnson had ample time to take the depositions of these additional witnesses if his counsel had so desired, thereby curing any prejudice that exists today. Indeed, given that the depositions will likely be short, Johnson still probably has time to take the depositions of these additional witnesses if his counsel so desires, thereby curing any alleged prejudice.

Johnson concedes that he does not have evidence of bad faith or willfulness on Veronica

Bogey's part.  Johnson suggests, however, that her failure to timely identify these witnesses is not indicative of good faith.  Johnson repeats the argument that he made at the May 24th hearing that Veronica Bogey knew of these witnesses during her criminal trial and that she should have earlier disclosed these witnesses.  But the Court cannot conclude from that fact that Veronica Bogey's counsel has exhibited bad faith.  For the reasons that the Court gave at the May 24th hearing, Veronica Bogey had reasonable grounds to believe that she was unable to disclose these witnesses in this case until the criminal trial concluded.  As noted in SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1376 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980), a civil proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery . . . . , expose the basis of the defense to the prosecution in advance of criminal trial or otherwise prejudice the case" with an opportunity to use the civil discovery to the prosecution's advantage in the criminal case.  See also Afro-Leon v. United States, 820 F.2d 1198, 1202 (Fed. Cir. 1987)("The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings.  A court, however, has the discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem[ ] to require such action[.]")(internal quotation marks and citations omitted).  Thus, Veronica Bogey's counsel had a reasonable basis to avoid disclosing her witnesses until the conclusion of her criminal trial.  In addition, once the court allowed Veronica Bogey to supplement her disclosures, her counsel narrowed don her fact witnesses to five in a reasonably diligently manner.

The Court cannot say that Veronica Bogey acted in bad faith with regard to the witness disclosures.  She has offered excuses for and justified her failure to supplement her witness disclosures in a timely manner.  She has demonstrated good cause for the Court to allow her to make

-8-

these supplemental disclosures.
these supplemental disclosures.  Further, Johnson has not demonstrated prejudice such that the motion should be granted.

      **IT IS ORDERED** that the Plaintiff's Motion to Strike Certain Witnesses Identified by Defendant Veronica Bogey is denied.

                                                                 _____
                                                                     UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Randy Felker
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexico

      *Attorneys for Defendants Sonia Perez Sanchez and Anne Holmes*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

      *Attorneys for Defendant New Mexico*
         *Children Youth and Families Department*

Jerry A. Walz
Anthony (T.J.) J. Trujillo
Walz and Associates
Cedar Crest, New Mexico

>*Attorneys for the Defendants Veronica Bogey
>   and Terry Bogey*