IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as personal representative of
the estate of GRACIELA CANO a/k/a GRACE
LEE BOGEY, deceased, and LORENA TORREZ,

        Plaintiffs,

vs.                                       No. CIV-02-1239 JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT,
KAREN ZARATE, LYDIA R. SAENZ, SONIA
PEREZ, VIRGINIA VILLAREAL, VIVIAN ENCINIAS,
GINGER BOWMAN, DENISE H. NAVAEZ,
JANE DOE, and JOHN DOE in their individual
capacities, the NEW MEXICO CHILDREN, YOUTH
and FAMILIES DEPARTMENT, TERRY BOGEY,
a/k/a TERI BOGEY, and VERONICA BOGEY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Certain

Witnesses Identified by Defendants Perez and Holmes, filed June 21, 2004 (Doc. 251). The issue is

whether the Court should permit Defendants Sonia Sanchez Perez and Anne Holmes to identify three

additional witnesses for this civil trial that were on a witness list co-defendant Veronica Bogey

disclosed for her criminal trial. Because Perez and Holmes have not explained why, through due

diligence, they could not have uncovered these witnesses before discovery closed in this case, the

Court will grant Plaintiff Scott Johnson's motion to strike these witnesses from Perez and Holmes'

witness list.

## PROCEDURAL BACKGROUND

Discovery closed on April 5, 2004. When Veronica Bogey attempted to name new witnesses

whom she had identified in her criminal trial, Johnson ordered copies of those witness lists from her criminal proceedings trial.  See State v. Veronica Bogey, Case No. D-504-CR-200200196, Defendant's Witness Lists (Roswell Dist. Ct.).  Johnson represents that he ordered the witness list from Veronica Bogey's criminal trial only to demonstrate to the Court that the Defendants have been dilatory in disclosing witnesses in this case who have been known to Veronica Bogey for over a year. See Plaintiff's Response to Veronica Bogey's Motion to Supplement at 7 n.1, filed May 17, 2004 (Doc. 229)(stating the Plaintiff has ordered copies of witness lists from Veronica Bogey's criminal trial). Johnson does not intend to use any of these witness lists to support his claims.  Johnson did not receive the witness lists identifying these witnesses until the end of May, 2004.  Johnson then attached selected copies of these witness lists to documents filed in this case to demonstrate to the Court that Perez and Holmes have been dilatory in disclosing witnesses in this case who have been known to Veronica Bogey for over a year.

More than two months after the close of discovery, and less than two months away from trial, Perez and Holmes' counsel -- at the June 15, 2004 hearing -- informed Johnson and the Court that he was seeking to identify and disclose several possible and additional witnesses for trial who had not been previously disclosed in discovery. See Clerk's Minutes, filed June 15, 2004 (Doc. 246).  Perez and Holmes represented that the witnesses have knowledge of the facts of this case.  Perez and Holmes indicated that they will likely call them as trial witnesses.

Perez and Holmes identified three witnesses by facsimile transmission in a supplemental disclosure that same day.  These witnesses are Debbie Wolfe, Irma Aranda, and Tara Johnson.  Perez and Holmes represent that, before receiving the list of Veronica Bogey's witnesses in the criminal proceedings from Johnson, they were not aware of the identities of these witnesses.  The Children

-2-

Youth and Families Department's records that were available to the parties did not disclose the identities of these witnesses.

Johnson does not contend that he first learned of the identities of these witnesses from Perez and Holmes' counsel or dispute that he knew the identities of these witnesses before Perez and Holmes identified them. The source of these witnesses for all three parties is the witness lists in Veronica Bogey's criminal proceedings. Veronica Bogey's attorneys in the criminal proceedings are not the same attorneys representing her in this civil matter.

The Court has set the trial of this matter for August 11, 2004. Perez and Holmes state that they have no objection to Johnson taking these witnesses' depositions if he desires. Instead, Johnson moves to strike the three witnesses that Perez and Holmes identified. Perez and Holmes oppose this motion and so stated at the June 15, 2004 hearing. <u>See</u> Clerk's Minutes, filed June 15, 2004 (Doc. 246).

## <u>LAW ON UNTIMELY DISCLOSURE OF WITNESSES</u>

Rule 26(e)(1) provides that a party "is under a duty to supplement at appropriate intervals" its witness disclosure under Rule 26(a) "if the additional or corrective information has not otherwise been known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). In relevant part, rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37 (c)(1). In construing rule 37 (c)(1), the United States Court of Appeals for the Tenth Circuit has stated

[a] district court need not make explicit findings concerning the existence of a

substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

## ANALYSIS

Perez and Holmes should have disclosed these three new witnesses earlier in the case. The witness lists in Veronica Bogey's criminal proceeding were equally available to Johnson and to Perez and Holmes. While Perez and Holmes contend that Johnson had more than six months to interview and depose these witnesses after he learned of their identification -- an assertion that the record does not support -- Perez and Holmes could have secured the witness lists also and at an earlier point than they did.[1]

The surprise to Johnson is not that there is a witness list and new possible witnesses, but that Perez and Holmes want to use some of the witnesses in the criminal case in this civil case. Perez and Holmes argue that rule 37(c)(1) is not relevant to a failure to disclose previously unknown witnesses. But Perez and Holmes do not explain why they did not uncover these witnesses during the discovery period. They too could have gone to the criminal proceedings to get Veronica Bogey's witness list

---

[1] Perez and Holmes contend that, pursuant to rule 26(e)(1), Johnson's counsel had a duty to disclose the identities of these witnesses when they were available to Johnson's counsel, but they did not do so immediately. Perez and Holmes argue that it is Johnson's attorneys who should be appropriately sanctioned. Johnson responds that he had no obligation to supplement his witness disclosures under 26(e)(1), because he does not intend to use any of the witnesses to support his claims or defenses. See Fed. R. Civ. P. 26(a)(1)(A) and 26(e)(1). The Court need not decide this issue, because the record does not indicate precisely when Johnson learned of these witnesses. Presumably he learned of the witness lists sometime after April 5 and before May 17, and secured copies by May 30th. Given the short time frame between when the lists were secured and when they were disclosed, the Court will deny any request to sanction Johnson's counsel.

as soon as it was filed or could have independently uncovered the witnesses by talking to other witnesses.  Perez and Holmes do not explain why they were not able to discover these three witnesses earlier.

Perez and Holmes have not presented an acceptable justification or good cause for their failure to disclose these witnesses during discovery.  They also have not demonstrated good cause for the Court to allow them to make untimely supplemental witness disclosures.

Johnson represents that, as a result of these untimely disclosures, he is unable to conduct any discovery about these witnesses before trial.  Johnson contends that these disclosures have unfairly prejudiced him.  Perez and Holmes contend that Johnson now has the opportunity to interview these witnesses before trial.

It may have been possible, and may still be possible, for Johnson to interview or depose these witnesses, and therefore the substance of their testimony will not necessarily surprise him unless he allows himself to be surprised.  But the question is whether he should have to interview or depose new witnesses at this stage of the proceedings.  The prejudice of surprise may be small and avoidable.  But there are other ways, besides surprise, that an untimely disclosure may prejudice a party.  The time before trial is short.  All counsel have to allocate their time before a lengthy trial efficiently and intelligently.  There is not a sound reason to require Johnson to interview or depose witnesses when Perez and Holmes could have, with due diligence, possibly have disclosed them during the discovery period.

Under these circumstances, the Federal Rules of Civil Procedure counsel that the Court should strike the witnesses that Perez and Holmes identified in their June 15, 2004 supplemental

disclosures and prohibit them from testifying at trial.[2]

**IT IS ORDERED** that the Plaintiff's Motion to Strike Certain Witnesses Identified by Defendants Perez and Holmes is granted and the witnesses that Defendants Sonia Perez and Anne Holmes identified in their June 15, 2004 supplemental disclosure are stricken.  These witnesses will be prohibited from testifying at trial unless properly called by another party.[3]

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

---

[2]Perez and Holmes argue that the fact that they eventually disclosed these witnesses insulates them from sanctions under rule 37(c)(1).  This argument, however, does not fully appreciate the purpose of discovery, i.e., to give a party an opportunity to prepare for trial by familiarizing itself with the opposing parties' evidence during discovery.  Nevertheless, the Court will not sanction Perez or Holmes for not disclosing previously unknown witnesses earlier, because the record does not indicate that they knew about these witnesses during discovery.  While Perez and Holmes may have received the witness lists from Veronica Bogey's criminal case in May and waited until June 15 to disclose these witnesses, that is about the same time Johnson held the criminal witness lists.  Under these circumstances, the Court does not believe it should sanction Perez, Holmes, or Johnson.

[3] Veronica Bogey has also belatedly identified Tara Johnson.  If the Court permits Veronica Bogey to call Tara Johnson, the Court will allow her to testify for all purposes, and Perez and Holmes are free to examine her as they would any other witness at trial.

Randy Felker
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexico

      *Attorneys for Defendants Sonia Perez Sanchez and Anne Holmes*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

      *Attorneys for Defendant New Mexico*
        *Children Youth and Families Department*

Jerry A. Walz
Anthony (T.J.) J. Trujillo
Walz and Associates
Cedar Crest, New Mexico

      *Attorneys for the Defendants Veronica Bogey*
        *and Terry Bogey*