IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as personal representative of
the Estate of GRACIELA CANO a/k/a GRACE
LEE BOGEY, deceased, and LORENZO TORREZ,

      Plaintiffs,

vs.                                                                            No. CIV 02-1239 JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT,
KAREN ZARATE, LYDIA R. SAENZ, SONIA
PEREZ, VIRGINIA VILLAREAL, VIVIANE
ENCINIAS, GINGER BOWMAN, DENISE H.
NARVAEZ, JANE DOE, and JOHN DOE in their
individual capacities, the NEW MEXICO
CHILDREN YOUTH AND FAMILIES
DEPARTMENT, TERRY BOGEY, a/k/a TERI
BOGEY, and VERONICA BOGEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Certify for an Interlocutory Appeal and for Stay of Proceedings, filed July 6, 2004 (Doc. 260). The Court held a hearing on this motion on July 30, 2004. The primary issue is whether the Court, having denied the Bogey Defendants' Motion to Substitute Veronica Bogey as the Real Party in Interest with Respect to Count VIII and Motion to Subsequently Dismiss Count VIII with Prejudice, as well as the Bogey Defendants subsequent motion to reconsider, should certify the issue whether Veronica Bogey should be substituted as the real party in interest to the United States Court of Appeals for the Tenth Circuit as an interlocutory appeal. Because the Court does not believe either motion raises a controlling issue of law or that an immediate appeal, of the order denying the motions would materially advance the

ultimate termination of the litigation, the Court will deny the motion for interlocutory appeal.

## PROCEDURAL BACKGROUND

On May 5, 2004, Defendants Veronica Bogey and Terry Bogey (the "Bogey Defendants") filed a motion to substitute Veronica Bogey as the real party in interest under rule 17(a) of the Federal Rules of Civil Procedure for the wrongful death claims asserted in Count VIII. See The Bogey Defendants' Motion to Substitute Veronica Bogey as the Real Party in Interest with Respect to Count VIII and Motion to Subsequently Dismiss Count VIII with Prejudice, filed May 5, 2004 (Doc. 219). The Court held a hearing on June 14, 2004, on the motion wherein it expressed its inclination to deny the motion. See Clerk's Minutes, filed June 15, 2004 (Doc. 246). Subsequent to the hearing, the Defendants filed a Notice of Supplemental Authority, or in the Alternative, Motion for Reconsideration, filed June 4, 2004 (Doc. 253).

The Bogey Defendants ask that, in the event the Court denies Veronica Bogey's motion to be sustained as the real party in interest on the wrongful death claims asserted in Count VIII, the Court certify the issue under 28 U.S.C. §1292(b) appeal to the Tenth Circuit. The Bogey Defendants move for the Court to certify for interlocutory appeal the issue whether Veronica Bogey is the real party in interest with respect to Count VIII, which is Johnson's wrongful death claim. The Bogey Defendants ask the Court further to stay proceedings in the event that the Court allows an interlocutory appeal to be taken to the United States Court of Appeals for the Tenth Circuit.

## LAW ON CERTIFICATION OF ORDER UNDER 28 U.S.C. §1292

The Tenth Circuit has jurisdiction for appeals from final district court orders through 28 U.S.C. §1291. Section 1291 states: "The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]" 28 U.S.C. § 1291 (2004). An order

is final when it "'ends litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Utah State Dep't of Health ex rel. Utah v. Kennecott Corp., 14 F.3d 1489, 1492 (10th Cir. 1994), cert. denied, 513 U.S. 872 (1994)(quoting Catlin v. United States, 324 U.S. 229, 233 (1945). Presently, this case has not been fully adjudicated, and, therefore, the Court has not entered a final judgment that would allow an appeal under § 1291.

28 U.S.C. § 1292, however, gives the Tenth Circuit jurisdiction to hear an order that would not otherwise be final through a certification of an interlocutory appeal. Section 1292(a)(1) states: "[T]he court of appeals shall have jurisdiction of appeals from . . . interlocutory orders of the district courts of the United States[.]" 28 U.S.C. § 1292(a)(1) (2004). In order to seek appellate jurisdiction under § 1292(a), Defendants must seek certification of the appeal by the District Court Judge under § 1292(b). Specifically, "28 U.S.C. § 1292(b) authorizes the district court to certify an interlocutory appeal to the court of appeals if the appeal involves a 'controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Burns Drilling Co. v. Central Bank of Denver, 739 F.2d 1489, 1492 (1984)(quoting 28 U.S.C. § 1292(b)).

Interlocutory review is restricted to final decision to prevent the "debilitating effect on judicial administration caused by piecemeal appellate disposition of . . . but a single controversy." Eisen v. Carlisle, 417 U.S. 156, 170 (1974). Section 1292(b) "is meant to be applied in relatively few situations and has not been read as a significant incursion on the traditional federal policy against piecemeal appeals." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 2658.2 at 89 (1998); see Hearings on H.R. 6238 and H.R. 7260 before Subcomm. No. 3 of the House Comm. on the Judiciary, 85th Congress, 2d Sess., ser. 11, at 21 (1958)(reviewing under

Section 1292(b) should be sparingly granted and then only in exceptional cases in which extended and expensive proceedings probably can be avoided). The discussion in the conference about the proposal incorporating the language of Section 1292(b) emphasized the need for a narrow standard governing interlocutory appeals and the need for a procedural mechanism which would both avoid opening the door to frivolous, dilatory, or harassing interlocutory appeals and to prevent undue consumption of the time of appellate courts in considering jurisdictional issues. See Kraus v. Board of County Road Comm'rs, 364 F.2d 919, 922 (6th Cir. 1966); Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993).

The decision to allow an immediate appeal of a non-final order under Section 1292(b) is within the discretion of the district court. See Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995). All three requirements of the statute must be present for the district court to certify a question for interlocutory appeal: (i) the interlocutory order must involve a controlling question of law; (ii) there must be substantial ground for difference of opinion as to the controlling question; and (iii) the court must find that immediate appeal may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). The party seeking certification bears the burden of showing that the order in question is exceptional. See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

## ANALYSIS

Under § 1292, the questions for the Court are whether: (i) this issue is a controlling question of law in this case; (ii) there is substantial ground for difference of opinion as to whether the Court should substitute Veronica Bogey as the real party in interest; and (iii) an immediate appeal may materially advance the ultimate termination of the litigation. The parties dispute each of these questions.

While the Court believes that New Mexico law requires it to determine who should serve as personal representative for the wrongful death action, that decision involves some discretion. There are some legal determinations which may influence that decision which should probably be left to the state court and the two state proceedings pending in state court. Accordingly, there is not a clear "controlling question of law" that the Court believes it should make or that it should certify for appeal. Also, based on the record before the Court, and where matters stand in state court, the Court does not believe an immediate appeal of its order denying the Bogey Defendants' two motions would materially advance the ultimate termination of the litigation. There are better ways to move the case toward resolution than an interlocutory appeal of an issue that may change with further state proceedings.

**IT IS ORDERED** that the Motion to Certify for an Interlocutory Appeal and for Stay of Proceedings is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Randy Felker
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexico

    *Attorneys for Defendants Sonia Perez Sanchez and Anne Holmes*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

    *Attorneys for Defendant New Mexico*
      *Children Youth and Families Department*

Jerry A. Walz
Anthony (T.J.) J. Trujillo
Walz and Associates
Cedar Crest, New Mexico

    *Attorneys for the Defendants Veronica Bogey*
      *and Terry Bogey*