IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as personal representative of
the Estate of GRACIELA CANO a/k/a GRACE
LEE BOGEY, deceased, and LORENZO TORREZ,

      Plaintiffs,

vs.                                                            No. CIV 02-1239 JB/KBM

ANNE HOLMES, BONNIE VEHSTEDT,
KAREN ZARATE, LYDIA R. SAENZ, SONIA
PEREZ, VIRGINIA VILLAREAL, VIVIANE
ENCINIAS, GINGER BOWMAN, DENISE H.
NARVAEZ, JANE DOE, and JOHN DOE in their
individual capacities, the NEW MEXICO
CHILDREN YOUTH AND FAMILIES
DEPARTMENT, TERRY BOGEY, a/k/a TERI
BOGEY, and VERONICA BOGEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Anne Holmes' and Sonia Perez Sanchez' request for the Court to allow these Defendants to call Dr. John Plunkett and Debbie Wolf as witnesses at trial. The Plaintiff, Scott Johnson, opposes the request. The parties discussed this request with the Court at the Pretrial Conference, held August 2, 2004, and have also submitted letters to the Court in support of their respective positions. See Letter from William D. Winter to Judge Browning, August 3, 2004; Letter from Paul J. Kennedy to Judge Browning, August 3, 2004. The primary issue is whether the Court should allow Holmes and Sanchez to call Plunkett as an expert and Wolfe as a fact witness, given that they did not identify Plunkett as an expert during discovery or in the Pretrial Order, and that the Court has already ruled that Holmes and Sanchez'

disclosure of Wolfe was untimely and thus impermissible. Because the Court finds that the prejudice to Johnson in allowing these witnesses at this stage is greater than the interest that Holmes and Sanchez have in calling them, the Court will deny the request.

## PROCEDURAL BACKGROUND

Holmes and Sanchez request the Court's permission to call Plunkett and Wolfe at the trial of this matter. Neither of these witnesses were listed in the Initial Pretrial Report, filed November 13, 2003 (Doc. 137). No party disclosed Plunkett as an expert by the Court's deadline for identifying experts. No party disclosed Plunkett or Wolfe as a witness during the discovery period.

Defendant Veronica Bogey first identified Plunkett as a possible expert in her Memorandum in Support of Defendant Veronica Bogey's Motion to Supplement Disclosures, Vacate the Trial Date, Amend Deadlines, Reopen Discovery, Reopen Expert Disclosures, and Set Aside the Grant of Summary Judgment Against her on Liability for Count VIII, filed April 30, 2004 (Doc. 214). The Court heard argument on this motion at a hearing on May 24, 2004 and ruled that, given Veronica Bogey's particular circumstances with regard to the concurrent criminal proceedings in this case, the Court would allow Veronica Bogey to identify Plunkett as an expert witness if she provided his expert report to Johnson within ten days of the hearing and made Plunkett available to Johnson for a deposition. See Clerk's Minutes, filed May 24, 2004 (Doc. 234); Order, filed July 1, 2004 (Doc. 257). Based on the same reasoning, the Court also allowed Veronica Bogey to identify a few additional fact witnesses. See Clerk's Minutes, filed May 24, 2004 (Doc. 234); Order, filed July 1, 2004 (Doc. 257).

Veronica Bogey made these additional disclosures of witnesses. See Defendant Veronica Bogey's Supplemental Disclosures of Witnesses Pursuant to Rule 26 of the Federal Rules of Civil

Procedure, served June 18, 2004. The Defendants also attempted to identify additional fact witnesses. See Letter from Randolph B. Felker to Adam S. Baker, June 15, 2004. The Defendants identified Wolfe, but did not identify Plunkett in their Letter. Veronica Bogey did not identify Wolfe in her Supplemental Disclosures. Johnson filed motions to strike the new fact witnesses that the Defendants and Veroncia Bogey disclosed. See Plaintiff's Motion to Strike Certain Witnesses Identified by Defendant Veronica Bogey, filed June 21, 2004 (Doc. 249); Plaintiff's Motion to Strike Certain Witnesses Identified by Defendants Perez [Sanchez] and Holmes, filed June 21, 2004 (Doc. 251).

On July 30, 2004, the Court granted Johnson's motion to strike as to Sanchez and Holmes, and denied the motion as to Veronica Bogey. See Memorandum Opinion and Order, filed July 30, 2004 (Doc. 280)(as to Holmes and Sanchez); Memorandum Opinion and Order, filed July 30, 2004 (Doc. 279)(as to Veronica Bogey). The Court thus struck the Defendants' identification of the following fact witnesses: Wolfe, Irma Aranda, and Tara Johnson.

On July 8, 2004, the parties submitted the Pretrial Order to the Court. Veronica Bogey and Terry Bogey (the "Bogey Defendants") named Plunkett as an expert witness who would testify at trial, but did not identify Wolfe. Holmes and Sanchez did not name Plunkett, but named Wolfe. All parties included language reserving the right to call any witnesses identified in the Pretrial Order by another party. Also in the Pretrial Order, Holmes and Sanchez identified their arguments and factual contentions. They do not specifically disagree with Johnson's claim that Veronica Bogey caused Grace's death because Veronica Bogey abused Grace. Rather, Holmes and Sanchez contend that they did not proximately cause Grace's death and that the abuse and death of Grace were not foreseeable. See Pretrial Order ¶ 2, at 4 ("The CYFD Defendants are not legally responsible for the

death or abuse of Grace . . . ."); id. ¶ 2, at 18 ("The death and abuse of Grace were not foreseeable.").

The Pretrial Order also alerted the Court to discovery problems: "Plaintiff has sought to strike certain witnesses identified by Defendants after the close of discovery." Id. ¶ B, at 22. In the Exceptions, "[t]he CYFD Defendants object to any of Plaintiff's witnesses who were untimely disclosed by Plaintiff." Id. ¶ 2, at 37. And the "Plaintiff objects to any witnesses being called at trial who were untimely disclosed as set forth in Plaintiff's pending motions to strike Defendants' witnesses (Docs. 249 and 251)." Id. ¶ 3, at 37. The Pretrial Order indicates that it can be amended sua sponte by the Court. See id. at 38.

On August 2, 2004, the Court remanded Count VII, for wrongful death, against the Bogey Defendants, as well as the case against the Bogey Defendants, to the Second Judicial District, County of Bernalillo, State of New Mexico. See Order, filed August 2, 2004 (Doc. 285). On August 2 the Court signed the Pretrial Order. Holmes and Sanchez are the only two remaining Defendants and the jury selection and jury trial are scheduled to commence August 12, 2004.

Johnson has not yet deposed Plunkett. It appears that Johnson made a number of requests to counsel for the Bogey Defendants for dates of availability for the Plunkett deposition. See Letter from Paul J. Kennedy to Jerry A. Walz, July 20, 2004 (by facsimile); Letter from Kennedy to Walz, July 22, 2004 (by facsimile); Letter from Kennedy to Walz, July 23, 2004 (by facsimile). The parties have indicated that, because of Plunkett's unavailability at an earlier time, Plunkett will be available for deposition the morning of August 19, 2004, one week after the trial begins and, likely, after Johnson concludes his case in chief. Holmes and Sanchez intend to call Plunkett to testify the afternoon of August 19, 2004.

## ANALYSIS

In Perry v. Winspur, 782 F.2d 893 (10th Cir. 1986), the United States Court of Appeals for the Tenth Circuit affirmed the district court's allowance of testimony by an expert witness that a defendant had identified in the initial Pretrial Order where the court later dismissed that defendant from the case and another defendant sought to introduce the expert's testimony at trial.  The Tenth Circuit discussed the appropriate standards and considerations when reviewing the district court's decision to allow the expert testimony:

> It is well established that unless the court modified its pretrial order, the parties are bound to its contents and may not contradict its terms.  3 J. Moore, Moore's Federal Practice § 16.19 at 16-63 (2d ed. 1985); Air-Exec, Inc. v. Two Jacks, Inc., 584 F.2d 942, 944 (10th Cir. 1978); Fed.R.Civ.P. 16.  This rule, of course, applies to those portions of pretrial orders which list the witnesses and describe the testimony each party may use.  Nevertheless, the decision to allow or prohibit testimony or witnesses not described or listed in the pretrial order rests with the sound discretion of the trial judge and will not be disturbed except for abuse of discretion.  Lentsch v. Marshall, 741 F.2d 301, 306 (10th Cir. 1984).
>
> In determining whether a district court has abused its discretion, the following factors should be considered:
>
>> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rules against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.
>
> Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980) quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-905 (3d Cir. 1977).

Perry v. Winspur, 782 F.2d at 894.  The Tenth Circuit then discussed the particular facts of the case which made the district court's decision appropriate:

> Dr. Teitelbaum was initially listed as a witness in St. Anthony Hospital System's September 21, 1981, Pretrial Statement and was expected to testify about the nature

of hydrogen peroxide and the accepted standard of care for the treatment of hydrogen peroxide burns. Appellant concedes that Dr. Teitelbaum's name appeared in the initial Pretrial Order. On April 11, 1983, appellant moved to amend the Pretrial Order so as to include additional witnesses and exhibits. While the Pretrial Order was being redrafted, appellees requested that the Amended Pretrial Order provide that any party could call any witness listed by any other party. The Amended Pretrial Order contains this provision. St. Anthony Hospital Systems had been dismissed from the suit in March, 1982, and Dr. Teitelbaum's name was omitted from the Amended Pretrial Order. Noting this omission, appellees advised appellants by letter dated April 29, 1983, that they intended to call Dr. Teitelbaum and described the nature of his expected testimony.

Being aware of this procedural background, the district court found that the provision relating to calling witnesses by any other party was ambiguous and that the April 29th letter clarified appellees' intentions. It also found that there was no surprise, but advised appellants that they would be given additional time to prepare for cross-examination if it would be needed. Appellants were given additional time to review Dr. Teitelbaum's files.

\* \* \*

Appellants were adequately informed that Dr. Teitelbaum would testify and of the nature of his testimony, and were given an opportunity for further preparation during trial. Because appellants were not surprised or prejudiced by the court's ruling in this matter, there was no abuse of discretion.

Perry v. Winspur, 782 F.2d at 895-96.

Holmes and Sanchez rely on Perry v. Winspur to argue that, because they, in the Pretrial Order, reserved their right to call any witness identified by another party, they are now entitled to call both Plunkett and Wolfe at trial. Holmes and Sanchez argue there is no surprise and little prejudice to Johnson with regard to these two witnesses.

### 1. Debbie Wolfe

As noted above, the Court has already granted Johnson's motion to strike Holmes and Sanchez' identification of Debbie Wolfe as a fact witness for trial. Holmes and Sanchez were the only parties who identified Wolfe as a trial witness in the Pretrial Order. The argument that the

Defendants' reservation of the right to call any witness identified by any party is thus unavailing as to Wolfe, given that the Court has already held that the Defendants could not identify Wolfe and no other party did so. The Court will, therefore, deny the request as to Wolfe.

### 2.   **Dr. John Plunkett**

Initially, the Court notes that according to the Pretrial Order, the Bogey Defendants anticipated that Plunkett would testify "as to his medical opinion regarding the autopsy of Grace and the cause of her death." As noted above, Holmes and Sanchez did not indicate in the Pretrial Order that they intend to argue that Veronica Bogey did or did not kill Grace Bogey. Holmes and Sanchez limited their position to arguing that they did not proximately cause Grace's death and that the abuse of Grace as well as her death were unforeseeable.[1] Thus, it appears to the Court that Plunkett's testimony as identified by the Bogey Defendants is not relevant to any claim or defense that Holmes and Sanchez have identified that they will assert at trial.

The Court's decision whether to allow Plunkett's testimony must be reached by considering the four factors the Tenth Circuit has set forth: (i) the prejudice or surprise in fact to Johnson; (ii) Johnson's ability to cure the prejudice; (iii) the extent to which waiver of the rules against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court; and (iv) the Defendants' bad faith or willfulness in failing to comply with the court's order. See Perry v. Winspur, 782 F.2d at 894.

The Court believes the prejudice to Johnson in allowing Plunkett's testimony will be significant. Johnson will not be able to determine Plunkett's testimony for this trial until shortly

---

[1] Holmes and Sanchez do not state or argue that Veronica Bogey abused or killed Grace; they refer to the abuse and death only in the passive sense, attributing such actions to no one in particular.

-7-

before he testifies for Holmes and Sanchez, and after Johnson has concluded his own case in chief. It is true that Plunkett testified on Veronica Bogey's behalf at the criminal trial against Veronica Bogey for Grace's death. Johnson could, therefore, by obtaining and reviewing the criminal court records, make some determination as to what Plunkett's testimony could be. Johnson has received Plunkett's expert report. Nevertheless, that Johnson has not had the opportunity to depose Plunkett in advance of trial is a prejudice that cannot be completely cured by the criminal trial record or Plunkett's expert report.

While the Court does not believe the record evidences bad faith on the Defendants' part, it is important to note that Holmes and Sanchez could have themselves identified Plunkett during the discovery period in this case if they required his testimony at trial. Their decision to depend on Veronica Bogey and Terry Bogey to call Plunkett at the trial necessarily took the risk that the Court might dismiss the Bogey Defendants from this case before trial.

Unlike the parties in Perry v. Winspur, Johnson has not had almost two years of notice that Plunkett might be called as an expert witness in this trial. Also unlike the parties in Perry v. Winspur, Plunkett's testimony is not necessary to the central defenses in this case. The Court believes that Perry v. Winspur is thus distinguishable from the case at hand.

Given that the summary of Plunkett's testimony indicates he will not be testifying on issues that go to Holmes' and Sanchez' claims or defenses, the Court believes the prejudice to Johnson outweighs any need the Defendants may have for Plunkett's testimony. The Court will, therefore, deny the Defendants' request.

**IT IS ORDERED** that the Defendants Anne Holmes' and Sonia Perez Sanchez' request for the Court to allow these Defendants to call Dr. John Plunkett and Debbie Wolfe at trial is denied. The

Court will not allow Holmes and Sanchez to call these witnesses at trial.

/s/ James O. Browning
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Randy Felker
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexico

    *Attorneys for Defendants Sonia Perez Sanchez and Anne Holmes*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

    *Attorneys for Defendant New Mexico*
      *Children Youth and Families Department*

Jerry A. Walz
Anthony (T.J.) J. Trujillo
Walz and Associates
Cedar Crest, New Mexico

    *Attorneys for the Defendants Veronica Bogey*
      *and Terry Bogey*