# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as personal representative of
the Estate of GRACIELA CANO a/k/a GRACE
LEE BOGEY, deceased,

       Plaintiffs,

vs.                                                                                                                                                                                 No. CIV 02-1239 JB/KBM

ANNE HOLMES and SONIA PEREZ in their
individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Plaintiff's First Motion in Limine, filed August 10, 2004 (Doc. 307).  The issue is whether the Court should exclude evidence of the relationship between Graciela Cano a/k/a Grace Bogey and her birth mother, Lorenza Torrez.  Because the remaining Defendants, Anne Holmes and Sonia Perez, have not adequately explained how that evidence would be relevant to the remaining issues in the case, the Court will grant the motion in part and deny it in part.

## FACTUAL BACKGROUND

      Grace Bogey was born out of wedlock to 15-year old Torrez on July 15, 1997.  On January 2, 1998, the New Mexico Children, Youth and Families Department obtained legal custody of Grace based on allegations that Torrez was neglecting her and otherwise unable to care for Grace given her medical needs.  Torrez relinquished her parental rights to Grace on March 15, 1999.  Grace spent almost two years in foster care while in CYFD's legal custody.  The Plaintiff contends that Grace thrived with her last foster family, Charlene and Harold Blevins, before CYFD placed Grace with

Veronica Bogey on November 6, 1999.

## PROCEDURAL BACKGROUND

Torrez settled her breach of contract claim against Defendant New Mexico Children, Youth and Families Department, which arose from her relinquishment of parental rights to Grace. The Plaintiff, Scott Johnson, moves for an order in limine excluding any evidence related to the relationship between Grace and Torrez.

## ANALYSIS

Holmes and Perez have not explained how evidence of the entire relationship between Grace and Torrez is relevant to the remaining issues in the case. The parties agree that the fact parental rights were terminated is relevant and may be mentioned. The parties also agree that evidence relating to injuries Grace sustained before Torrez relinquished custody may be relevant to the extent Veronica Bogey or Terry Bogey may have been attributed with causing them. Evidence regarding Grace's birth to, and relationship with, Lorena Torrez, including the circumstances of Lorena Torrez' care, neglect, and relinquishment of Grace -- other than injuries as the Court has mentioned -- are too far removed and too unrelated to any issues that remain. Accordingly, this evidence is not relevant and thus not admissible. See Fed. R. Evid. 401, 402. The Court does not think the motion raises a rule 403 issue, because the danger of unfair prejudice to the Plaintiff or of confusion of the issues does not outweigh the probative value of this evidence. See id. 403.

The Plaintiff will need to be careful not to open the door for the introduction of the excluded evidence. The Plaintiff should not say or imply anything to the effect that the state should have left Grace with her natural mother. If the Plaintiff introduces this issue, Holmes and Sanchez may approach the bench and ask the Court for permission to go into this area.

**IT IS ORDERED** that the Plaintiff's First Motion in Limine is granted in part and denied in part. Any evidence related to the relationship between Graciela Cano a/k/a Grace Bogey and her birth mother Lorena Torrez is excluded, except that the Defendants may introduce evidence that parental rights were terminated and that Grace sustained injuries before Torrez relinquished custody of Grace and such injuries have been attributed to Veronica Bogey or Terry Bogey. The Court instructs the Defendants and their counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any excluded evidence. To the extent that there is a dispute about the admissibility of specific testimony based on the Court's Order, the parties are instructed to approach the bench before eliciting or inferring such testimony in any way.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul J. Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Randolph Felker
Bill Winter
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexico

    *Attorneys for the Defendants Anne Holmes and Sonia Perez*