## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SCOTT JOHNSON, as personal representative of
the Estate of GRACIELA CANO a/k/a GRACE
LEE BOGEY, deceased

       Plaintiff,

vs.                                                                   No. CIV-02-1239 JB/KBM

ANNE HOLMES and SONIA PEREZ, in their
individual capacities,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Second Motion in Limine, filed

August 10, 2004 (Doc. 308).  The Court held a hearing on this motion on August 11, 2004.  The

primary issue is whether the Court should exclude Veronica Bogey's testimony from the trial.

Because the Plaintiff represented at the hearing on this motion that he withdraws this motion, the

Court will dismiss it as moot.

### PROCEDURAL BACKGROUND

When the case began, Veronica Bogey was a party in this suit and subject to the Court's

jurisdiction and orders.  The Plaintiff served Veronica Bogey with comprehensive discovery requests

on May 2, 2003.  See Certificate of Service, filed May 5, 2003 (Doc. 75).  Veronica Bogey responded

to Plaintiff's discovery requests on June 20, 2003, by asserting her Fifth Amendment privilege against

self-incrimination in response to almost every question.  See Veronica Bogey's Responses to

Plaintiff's Interrogatories and Requests for Admissions.

The Plaintiff did not move to compel Veronica Bogey's answers to interrogatories or

responses to other discovery.  Discovery in this matter ended on April 5, 2004.  Veronica Bogey's

criminal case ended in an acquittal on April 21, 2004.

Despite her acquittal, Veronica Bogey did not attempt to supplement her discovery responses

with any substantive information.  She did, however, seek to testify at her trial.  See Defendant

Veronica Bogey's Supplemental Disclosures of Witnesses Pursuant to Rule 26 of the Federal Rules

of Civil Procedure at 2 (served June 18, 2004).  The Court granted her permission to designate

herself as a witness.  See Memorandum Opinion and Order, filed July 30, 2004 (Doc. 279).  The

Court also granted the Plaintiff permission to depose her.  See id.  On August 2, 2004 -- last week --

the Court remanded the Plaintiff's claims against Veronica Bogey to state court.  See Order, filed

August 2, 2004 (Doc. 285).

Plaintiff Scott Johnson moves the Court for an order in limine excluding any testimony by

witness Veronica Bogey.

## LAW REGARDING IDENTIFICATION OF WITNESSES

Under the Federal Rules of Civil Procedure, "[a] party is under a duty to amend a prior

response to an interrogatory, request for production, or request for admission if the party learns that

the response is in some material respect incomplete or incorrect and if the additional information has

not otherwise been made known to the other parties during the discovery process."  Fed. R. Civ. P.

26(e)(2).  In relevant part, rule 37(c)(1) provides that "[a] party that without substantial justification

fails to . . . amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such

failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so

disclosed."  Fed. R. Civ. P. 37(c)(1).  In construing rule 37(c)(1), the United States Court of Appeals

for the Tenth Circuit has stated:

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the movi

Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

## ANALYSIS

The Plaintiff contends that, because of the way events unfolded, he was prevented from discovering the information about which Veronica Bogey may now be called to testify at trial.  But on May 24, 2004, the Court orally gave the Plaintiff permission to depose Veronica Bogey.  See Transcript of Hearing at 17:9-12 (May 24, 2004).[1]  The Court entered a formal order giving the Plaintiff permission on July 30, 2004.  Thus, it is not clear that Johnson has not had an opportunity to discover what Veronica Bogey intends to say at trial.

Johnson also argues that the Court should not permit Perez and Holmes to recover a windfall by calling Veronica Bogey as a witness at trial despite her refusal to participate in discovery in this case.  Veronica Bogey's situation -- the criminal case and invoking the Fifth amendment -- is unusual and does not suggest bad faith with regard to her lack of participation in discovery during the discovery period.  The Court does not believe that allowing Veronica Bogey to testify at this stage would constitute a windfall to the Defendants.  The remand of the case against the Bogey's has also created problems for the remaining Defendants.  In any case, because the Plaintiff, at the hearing on this motion, represented that he intends to withdraw this motion, the Court will dismiss this motion as moot.

---

[1] The Court's citations to the transcript of the hearing refer  to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

**IT IS ORDERED** that the Plaintiff's Second Motion in Limine is dismissed as moot.


_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul J. Kennedy
Mary Y.C. Han
Adam S. Baker
Kennedy & Han, P.C.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Randolph Felker
Bill Winter
Felker, Ish, Ritchie & Geer
Santa Fe, New Mexico

 *Attorneys for the Defendants Anne Holmes and Sonia Perez*